ATLANTIC CITY, DEFENDANT, v. MORRIS GOLDSTEIN, PROSECUTOR.

Argued November 12, 1901—Decided February 24, 1902.

1. The limit of this court's jurisdiction, in the exercise of its superintending power over the proceedings of inferior tribunals, is to see that they do not exceed their jurisdiction nor violate legal principles in adjudicating upon individual rights.
2. Under this limitation this court will not review the facts to determine on which side the weight of evidence lies. It can only look at the facts certified to see if there was sufficient legal evidence to sustain the adjudication.
3. A conviction before the recorder of Atlantic City for violation of an ordinance fixing the fees for mercantile licenses held to be warranted by the evidence.

On *certiorari.*

Before Justices Dixon and Hendrickson.

For the prosecutor, *William I. Garrison.*

For the defendant, *Godfrey & Godfrey.*

The opinion of the court was delivered by

Hendrickson, J. The prosecutor was convicted before the recorder of Atlantic City for the violation of an ordinance

entitled "An ordinance governing, regulating and fixing the fees of-mercantile licenses in Atlantic City, N. J., and regulating the business licensed," approved May 17th, 1901, and this conviction is now before us for review. The complaint charged that, on or about June 12th, 1901, at said city, the defendant did unlawfully manage and conduct a certain business and use for business a certain store recognized to be licensed by the ordinance thereinafter named, to wit, the business or store for the selling of second-hand goods at 2315 Atlantic avenue, without having paid any license fee therefor, and without having obtained any certificate for the same, all of which was contrary to the provisions of sections 1 and 2 of the said ordinance. In the schedule of businesses and the license fees fixed for the same, added to section 1, is contained the following: "Stores for the selling of second-hand goods, $250."

It is not denied that the complaint and conviction are within the terms of the ordinance, which need not therefore be mentioned in detail.

The only grounds urged for reversal are that the evidence was insufficient to support a conviction, and that the acts proved constitute no offence within the meaning of the ordinance. The conviction shows that, after the ordinance was offered in evidence, the complaining witness testified that he was at the defendant's store (naming the location) on the day preceding, and that he sold the defendant a second-hand silver watch at his store, for which the defendant paid the witness thirty cents; that defendant took the watch and put it in his case for sale; that he had second-hand goods in his case and in the store; that he had them mixed with new goods; that defendant said he bought and sold second-hand goods. The defendant testified that he bought the watch, as he did all old goods, for the materials in it; that he fixed them up and used them with other jewelry; that he had no license for a store for the sale of second-hand goods. The case was here rested, with the result that the recorder found the defendant guilty of the offence charged, and adjudged that he pay a fine of $15.

In looking at this evidence we are not permitted to weigh the testimony on either side and say whether it would convince us of defendant's guilt if sitting in the place of the recorder. That was within the province and duty of the police court. The only jurisdiction this court has over the judgments of inferior tribunals is to see that they do not exceed their jurisdiction, and that no legal principles are violated in the conduct of the hearing and in making the adjudication. *Ludlow* v. *Ludlow*, 1 *South.* 189; *S. C., Id.* 387; *Carron* v. *Martin*, 2 *Dutcher* 594; *State, &c.,* v. *Jersey City*, 5 *Vroom* 390; *Wait* v. *Krewson*, 30 *Id.* 71. Consequently, in examining the evidence, we only look to see if there is any legal evidence from which the guilt of the defendant might rightfully be inferred. *Jeffrey* v. *Owen*, 12 *Id.* 260; *Roehers* v. *Remhoff*, 26 *Id.* 475; *Shangnuole* v. *Ohl*, 29 *Id.* 557; *Traction Co.* v. *Reeves, Id.* 573.

It is contended that there is not sufficient evidence to warrant such an inference. The argument is that the only fair inference from this testimony is that the defendant told the exact truth when he said, in substance, that he bought the watch, as he did all old goods, to use them in the repair of other jewelry. But the complainant's evidence developed pertinent circumstances that were to be considered. They were that defendant kept a store for the sale of goods; that among the goods he exhibited in his store were second-hand goods, and that they were mixed with new goods. The question for the recorder was, why were the second-hand goods thus exhibited if not for the purpose of sale? He might infer that the defendant had not satisfactorily answered this question. And the complainant further testified that the defendant had said he bought and sold second-hand goods. This was proper evidence to be considered in support of the charge. The defendant did not allude in any way to the alleged admission, so it stood uncontradicted. Of course, in prosecutions under a penal statute, the evidence should show a case clearly within its provisions. *Allaire* v. *Howell Works Co.*, 2 *Gr.* 21.

We think the evidence above discussed does clearly sustain

the finding of the court below. The other reasons were not pressed, and do not, we think, disclose any error in the proceedings. The conviction should therefore be affirmed, with costs.